IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONATHAN L. McCONVILLE,

    **Plaintiff,**

    v.                                                                CASE NO. 19-3037-SAC

**CORRECTIONS CORPORATION of**
**AMERICA,**

    **Defendant.**

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983 while confined in the Leavenworth Detention Center in Leavenworth, Kansas ("Corrections Corporation of America" or "CCA"). The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 4.) On May 28, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 9) ("MOSC"), granting Plaintiff until June 25, 2019, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff's motion for an extension of time to respond to the MOSC was granted, and Plaintiff subsequently filed an Amended Complaint (Doc. 13). Because the Court finds that the Amended Complaint fails to cure the deficiencies set forth in the MOSC, the Court dismisses this action.

Plaintiff's allegations in his Amended Complaint are substantially the same as the allegations in his Complaint. Plaintiff alleges that shortly before February 14, 2019, he attempted to buy reading glasses from the commissary but was not allowed to do so because he was not medically approved. On February 15, 2019, Plaintiff was seen by medical and approved to purchase reading glasses. Because Plaintiff was indigent and unable to purchase glasses from the commissary, he attempted to have his family mail him glasses, only to have them rejected

1

"for no obvious reason." Plaintiff submitted a mail appeal regarding his rejected glasses on March 1, 2019, and his glasses were brought to him on March 7, 2019. Plaintiff alleges that this delay prohibited him from reading his Bible, and therefore prevented him from practicing his religion in violation of the First Amendment.

In his original Complaint, Plaintiff named CCA as the sole defendant and sought $500 per day for every day he was prohibited from practicing his religion. In his Amended Complaint, Plaintiff names Chief Treadway, the chief of safety and security at CCA, as the sole defendant, and continues to seek damages in the amount of $500 for every day he was prohibited from practicing his religion.

The Court found in the MOSC that: Plaintiff provides no factual claim or support for a claim that CCA acted under color of state law; Plaintiff does not have an established cause of action against CCA under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 395–97 (1971); an action against individual officers or employees of CCA would likewise be unavailable; and Plaintiff's remedy against CCA and its employees, if any, is an action in state court for negligence or other misconduct. *See McKeighan v. Corr. Corp. of Am.*, No. 08-3173-SAC, 2008 WL 3822892, at *3 (D. Kan. 2008) (finding CCA not a "person" amenable to suit under § 1983, and CCA employees not acting under color of state law). The United States Supreme Court has found that a *Bivens* remedy is not available to a prisoner seeking damages from the employees of a private prison for violation of the prisoner's Eighth Amendment rights. *Minneci v. Pollard*, 565 U.S. 118, 120–21 (2012) (refusing to imply the existence of a *Bivens* action where state tort law authorizes alternate action providing deterrence and compensation).

The Court also found in the MOSC that Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff has failed to cure this deficiency.

Because Plaintiff has failed to show good cause why this action should not be dismissed for the reasons set forth in the MOSC, and has failed to file an amended complaint that cures the deficiencies, this Court finds that this matter must be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated December 11, 2019, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**